IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL HUBERT, individually and on behalf of all others similarly situated, | Civil Action No. 2:15-cv-01391-MRH |
| Plaintiff, | |
| | Oral Argument Requested |
| v. | |
| | This Document Relates to: |
| GENERAL NUTRITION CORPORATION, | All Actions |
| Defendant. | |
| (In re: GNC Picamilon/BMPEA Litigation) | |

**DEFENDANT GENERAL NUTRITION CORPORATION'S REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED CONSOLIDATED COMPLAINT**

I. **INTRODUCTION**

Defendant General Nutrition Corporation ("GNC") hereby files this reply to Plaintiffs' opposition to GNC's request for judicial notice filed in support of its motion to dismiss the First Amended Consolidated Complaint ("Motion to Dismiss").

GNC seeks judicial notice of FDA Warning Letters; an FDA Certificate of Free Sale, certain website pages of the FDA, a section of the FDA regulatory manual, and a Complaint and Declaration of Dr. Cara Welch filed in an action pending in Oregon.

Plaintiffs do not argue the existence of these documents; rather, Plaintiffs oppose the request for judicial notice by arguing that judicial notice is only appropriate for facts not in dispute by the parties and that GNC improperly seeks judicial notice of documents not integral to, or relied upon, by Plaintiffs in their First Amended Consolidated Complaint ("FAC"). Plaintiffs' arguments are unfounded.

## II. JUDICIAL NOTICE OF THE DOCUMENTS IS PROPER

Plaintiffs are mistaken that the parties must not dispute the fact for it to be judicially noticed. Fed. R. Evid. 201(b) allows judicial notice of facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. There is no requirement that the parties agree on the fact. If the parties had to agree on the fact before it could be judicially noticed, judicial notice would be futile. One of the purposes of judicially noticing documents is to prevent a plaintiff who pleads a legally deficient claim from surviving a motion to dismiss "simply by failing to attach[] a dispositive document..." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) The documents stem from sources whose accuracy cannot be reasonably questions, as shown in the request for judicial notice.

Furthermore, the documents that GNC seeks this Court to take judicial notice of are clearly referenced and relied upon in the FAC. For example, paragraph 5 of the FAC references the Warning Letters ("The FDA has independently confirmed these facts in a series of warning letters issued to manufacturers of supplements containing picamilon, BMPEA, or acacia rigidula"). Paragraph 40 of the FAC references the Welch Declaration ("On September 28, 2015, Dr. Cara Welch, the Acting Deputy Director of the Division of Dietary Supplement Programs at the FDA, issued a declaration ..."). Paragraph 46 of the FAC references the Oregon attorney general investigation; and the entire FAC is replete with allegations regarding the legality of the sale of the products, which directly relates to the Certificate of Free Sale.

Finally, Plaintiffs cite to *Trevino v. Merscorp, Inc.*, 583 F. Supp. 2d 521, 527 (D. Del. 2008) for the proposition that documents may not be judicially noticed for the truth of the matters stated in them. However, GNC is not necessarily attempting to introduce the documents for the statements asserted therein. Rather, GNC is seeking judicial notice of the existence of the documents (which

Plaintiffs do not dispute). For example, GNC seeks judicial notice that a Certificate of Free Sale existed and bears the office seal of the Department of Health and Human Services; that the FDA published on its website certain things; the dates and parties contained in the FDA warning letters; that certain regulations exist in the FDA regulatory manual; that the Oregon Attorney General filed a Complaint that contains similar allegations to the subject matter; and the date of the Welch declaration and that it is part of the court record in the Oregon case. *See Anspach v. City of Philadelphia,* 503 F.3d 256, 273 n.11 (3d Cir. 2007) (taking judicial notice of an FDA announcement, not of the truth of the matter asserted, but as evidence of the information provided by the federal government to healthcare providers.)

### III. CONCLUSION

Based on the above, GNC respectfully requests that the court take judicial notice of the documents set forth in its request for judicial notice in considering its Motion to Dismiss.

Dated: July 15, 2016

/s/ *Amy B. Alderfer*
Amy B. Alderfer
Cal. I.D. No. 205482 (*Admitted Pro Hac Vice*)
Brett Taylor
Cal. I.D. No. 274400 (*Admitted Pro Hac Vice*)
Cozen O'Connor
601 S. Figueroa Street
Suite 3700
Los Angeles, CA 90017

Paul K. Leary , Jr.
I.D. No. 85402 (*Admitted Pro Hac Vice*)
Mark E. Utke
I.D. No. 70750
Cozen O'Connor
1650 Market Street Suite 2800
Philadelphia, PA 19103
(215) 665-6911
Email: Pleary@cozen.com

***Attorneys for Defendant***
***General Nutrition Corporation***