# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF
# PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL HUBERT, individually and on behalf of all others similarly situated, | : : : | Civil Action No. 2:15-cv-01391-MRH |
| | : | Oral Argument Requested |
| Plaintiff, | : : | This Document Relates |
| v. | : : : | All Actions |
| GENERAL NUTRITION CORPORATION, | : : : | |
| Defendant. | : : | |
| (In re: GNC Picamilon/BMPEA Litigation) | : | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO
STRIKE DECLARATION OF STEPHEN CHERRY**

Plaintiffs, on behalf of themselves and members of the putative class, hereby submit this reply brief in support of the Motion to Strike Declaration of Stephen Cherry (ECF No. 59, "Motion" or "Mot."). Through their Motion, Plaintiffs provided extensive argument, supported by case law, as to why the Court should strike the Declaration of Stephen Cherry (ECF No. 49-1, "Cherry Declaration") from the record and disregard all references or inferences to the Cherry Declaration in Defendant's Motion to Dismiss First Amended Consolidated Complaint (ECF No. 48, "Motion to Dismiss"). In response, Defendant's Opposition to Plaintiff's Motion to Strike Declaration of Stephen Cherry (ECF No. 65, "Opp.") fails to cite *any authority at all* or provide any viable rationale for why Plaintiffs' Motion should not be granted.

I. ARGUMENT

    A. **Paragraph Eight Should be Stricken**

Paragraph Eight of the Cherry Declaration states, in pertinent part, that "Dr. Welch signed a declaration that was apparently solicited in the context of litigation by the Attorney General for the State of Oregon ('OAG') as leverage to force a quick payout from GNC." *Id.*, ¶ 8. As explained in Plaintiffs' Motion, "a lay opinion must be rationally based on the witness's

perception and 'firsthand knowledge of the factual predicates that form the basis for the opinion.'" Mot., at 2 (citing, *inter alia*, *Hirst v. Inverness Hotel Corp.*, 544 F.3d 221, 225 (3d Cir. 2008)). But Cherry, as Vice President of Purchasing and Replenishment at GNC, would have no reason to know of – or question – the purpose of Dr. Welch's declaration or the declaration's purported "solicitation" by the OAG. Defendant and Cherry also do not contest that Cherry was not involved in any communications among Dr. Welch, the OAG or the FDA, to the extent any communications even occurred, or provide any basis whatsoever for his conclusions in the paragraph.

Instead, Defendant's entire argument on this score is that "it is obvious that [Paragraph Eight] is based on Mr. Cherry's personal knowledge as it is clearly based on his perceptions. Furthermore, it is clear that it is offered to provide the factual backdrop against which Dr. Welch's declaration is presented." Opp., at 2. But the fact that Cherry's speculation might (or being speculation, might not) provide a "factual backdrop" does not make it admissible under the Federal Rules of Evidence. It is also risible for Defendant to argue that this statement is admissible as Cherry's "perceptions," as Defendant has not provided any basis for why Cherry's "perceptions" of the internal rationales of others' actions is anything more than inadmissible speculation, or how Cherry was able to "perceive" such rationales when he was not a party to the purported events. *See Vesom v. Atchison Hosp. Ass'n*, 279 F. App'x 624, 632-34 (10th Cir. 2008) (affirming district court's order striking affidavits that were not based upon personal knowledge, consisted of conclusory statements, and contained inadmissible hearsay regarding declarant's "subjective beliefs as to the intent, thoughts or motivations of others," where the declarant failed to present personally observed statements or conduct as the basis for his opinion). Accordingly, Paragraph Eight should be stricken. *See Hollander v. American Cyanamid Co.,* 172 F.3d 192, 198 (2d Cir. 1999) (court may "strike portions of an affidavit that

are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements.").[1]

### B. Paragraph Nine Should be Stricken

Paragraph Nine of the Cherry Declaration refers to and quotes from an email purportedly sent to Defendant's counsel in Oregon by David Hart, Oregon Senior Assistant Attorney General. *See* Motion at 3-4 (citing Cherry Declaration, ¶ 9, Ex. F.). But Cherry cannot testify to an out-of-court email of which he is neither a sender nor recipient, let alone offer the email for the purported truth of its contents, without violating the prohibition on hearsay. *See* Mot., at 3-4 (citing Fed. R. Evid. 801; *White v. Brown*, 408 Fed. Appx. 595, 599 (3d Cir. 2010) (email between non-parties deemed inadmissible hearsay)).

Defendant's sole response to this argument is that the "email chain can (and should) be considered to the extent it is not being offered to prove the truth of the matters asserted in the email, but rather to demonstrate Mr. Cherry's state of mind regarding GNC's position, namely that the OAG sought to leverage a settlement . . ." Opp., at 2-3. Defendant appears to be relying on Fed. R. Evid. 803(3)'s hearsay exception for a "declarant's then-existing state of mind," and thereby concedes that, absent an applicable exception, Paragraph Nine is inadmissible hearsay. But the state of mind exception is wholly inapplicable here.

The state of mind exception applies to statements "of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health) . . . ." *Id.* However the exception clearly does not apply here because, *inter alia*, Cherry is *not the declarant* of the email, the actual statement at issue, making Cherry's own state of mind irrelevant. *See, e.g., United States v. Joe*, 8 F.3d 1488, 1493 n.4 (10th Cir. 1993) (Rule 803(3) "applies only to a statement of the *declarant's* state of mind. An

---

[1] As stated in Plaintiffs' Motion, Defendant uses the inadmissible statement in Paragraph Eight to argue in its Motion to Dismiss that "Dr. Welch's Declaration was not the result of spontaneous agency action, but rather was drafted at the specific request of the OAG to use as leverage to force GNC's capitulation and for use in planned litigation." *See* Mot., at 6. Defendant also argued that "Dr. Welch's declaration had but one purpose when it was written: to assist the OAG in litigation." *Id.* at 8. These statements in Defendant's Motion to Dismiss are improper and should be disregarded.

3

out-of-court statement relating a third-party's state of mind falls outside the scope of the hearsay exception because such a statement necessarily is one of memory or belief") (citing *United States v. Gomez*, 927 F.2d 1530, 1535-36 (11th Cir. 1991)) (emphasis in original); *Hong v. Children's Memorial Hosp.*, 993 F.2d 1257, 1265 (7th Cir. 1993) ("the state of mind exception does not authorize receipt of a statement by one person as proof of another's state of mind.") (collecting cases).

Both Defendant and Cherry also fail to explain: how Paragraph Nine represents Cherry's state of mind at any prior time; how Cherry's state of mind regarding his *own employer's* "position" (who is not even the declarant of the statement at issue – the email) has any relevance to this case; or why Defendant could not submit its own testimony providing its own actual "position." Plaintiffs again note that Defendant failed to request judicial notice of the email from the Court, and should not be permitted to obtain it through this backdoor method.[2] Accordingly, Paragraph Nine should be stricken.[3]

---

[2] Defendant also offers this email in an attempt to bolster its baseless opinion in its Motion to Dismiss that "Dr. Welch's Declaration was not the result of spontaneous agency action, but rather was drafted at the specific request of the OAG to use as leverage to force GNC's capitulation and for use in planned litigation." *See* Mot., at 6; *see also id.* at 8 ("Dr. Welch's declaration had but one purpose when it was written: to assist the OAG in litigation."). The Court should disregard this email in considering Defendant's Motion to Dismiss.

[3] Defendant also cites to Fed. R. Evid. 803(1)'s exception from hearsay of "present sense impressions" – statements "describing or explaining an event or condition, made while or immediately after the declarant perceived it." Mot., at 3. But Defendant provides no argument as to why this exception would apply to Cherry's quoting of an email to which he was not a party, nor could it, as the only possible "event" at issue in Paragraph Nine from a hearsay standpoint, the sending of the email by David Hart, was not perceived by Cherry firsthand. *See Hynes v. Coughlin*, 79 F.3d 285, 294 (2d Cir. 1996) ("The present-sense impression exception applies only to a statement, describing an event, that was 'made while the declarant was perceiving the event . . . or immediately thereafter.'") (quoting Fed. R. Evid. 803(1)). Defendant also does not contend that Cherry "perceived" the email contemporaneously with it being drafted and/or sent. *See Gucker v. United States Steel Corp.*, Civil Action No. 13-583, 2016 U.S. Dist. LEXIS 11519, at *9 (W.D. Pa. Jan. 31, 2016) ("Before hearsay evidence is admissible as a present sense impression, the declarant must have personally perceived the event described, the declaration must be an explanation or description of the event rather than a narration, and the declaration and the event described must be contemporaneous.") (citing *United States v. Mitchell*, 145 F.3d 572, 576 (3d Cir. 1998)).

### C. Paragraph Fifteen Should be Stricken

Paragraph Fifteen of the Cherry Declaration states that "[i]n order for GNC to stave off the Oregon litigation, it would have had to pay well in excess of $1,000,000. GNC decided not to pay the amount demanded by the OAG." *Id.* ¶ 15. In their Motion, Plaintiffs argued that this paragraph should be stricken because it has no relevance whatsoever to Plaintiffs' Complaint. *See* Mot., at 4 (citing *Hare v. Potter*, 549 F. Supp. 2d 688, 697 n.8 (E.D. Pa. 2007) (striking affidavit on ground that it was not relevant "'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence'") (quoting Fed. R. Evid. 401)).

In response, Defendant first defends the paragraph against an argument that Plaintiffs did not make, that the paragraph is speculative. *See* Opp., at 3 ("Plaintiffs object on the basis of speculation arguing that Mr. Cherry has no basis for the opinion."). Defendant then claims that the paragraph is relevant to the action because "Dr. Welch's declaration is being used herein and it is clear that declaration was created in the context of litigation and was used as a tool to leverage a settlement that GNC refused to pay." *Id*. Putting aside the fact that this is "clear" only to Cherry and Defendant through their inadmissible speculation, Defendant fails to make any connection between Plaintiffs' use of Dr. Welch's declaration to support the instant action and the irrelevant purported settlement terms of the Oregon litigation. Accordingly Paragraph Fifteen should be stricken by the Court.

### D. The Court Should Strike Portions of the Cherry Declaration That Seek to Introduce Facts Not Pleaded in the Complaint

Finally, as detailed in Plaintiffs' Opposition to Request for Judicial Notice, the Cherry Declaration seeks to introduce purported facts and documents for the Court's consideration that might be admissible at trial, but should not be considered by the Court on Defendant's Motion to Dismiss because they were not pleaded in the Complaint.[4] These paragraphs also improperly

---

[4] *See* ECF No. 62 (citing Cherry Declaration ¶¶ 4 (facts in *The New York Times* article -- Cherry would not be able to testify to these facts under any circumstance), 6 ("GNC never received a notice of any kind from FDA …"), 7 (facts pertaining to a "Certificate of Free Sale"), 10 ("GNC immediately

5

introduce certain documents that are not mentioned in the Complaint, which is inappropriate for the reasons stated in Plaintiffs' Opposition to Request for Judicial Notice. *See id.* at 4-6. Because the unobjectionable paragraphs of the Cherry Declaration (¶¶ 2-3, 5, 12-13 and 16) simply repeat allegations in the Complaint, there is no need to rely on the Declaration for these factual propositions and, therefore, the entire Declaration should be stricken.[5]

## II. CONCLUSION

In light of the foregoing, Plaintiffs again respectfully request that the Court grant their Motion to Strike Cherry's Declaration, and disregard all references or inferences in Defendant's Motion to Dismiss relating to the Cherry Declaration.

---

removed ALL products …"), 11 ("GNC never received a copy of these warning letters from the FDA itself."), 14 ("GNC has not received warning letters …"), and 17 ("GNC has never received Dr. Welch's declaration … from the FDA")).

[5] Plaintiffs also note that while Defendant concedes in its Reply in Support of its Request for Judicial Notice that "documents may not be judicially noticed for the truth of the matters stated in them," ECF No. 63, at 2, it further concedes that it is, in some part, doing just that. *See id.* ("GNC is *not necessarily* attempting to introduce the documents for the statements asserted therein.") (emphasis added).

Dated: July 22, 2016

Respectfully submitted,

*/s/ Shanon J. Carson*
Shanon J. Carson, Esquire (Pa. ID No. 85957)
Arthur Stock, Esquire (Pa. ID No. 64336)
**Berger & Montague, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215)875-4656
Facsimile: (215) 875-4604
scarson@bm.net
astock@bm.net

Gary E. Mason, Esquire
Benjamin Branda, Esquire
Jennifer S. Goldstein, Esquire
**Whitfield Bryson & Mason, LLP**
1625 Massachusetts Avenue, NW, Ste. 605
Washington, DC 20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294
gmason@wbmllp.com
bbranda@wbmllp.com
jgoldstein@wbmllp.com

*Co-Lead Counsel*

D. Aaron Rihn, Esquire
**Robert Peirce & Associates, P.C.**
707 Grant Street
Suite 2500
Pittsburgh, PA 15219-1918
Telephone: (412) 281-7229
Facsimile: (412) 281-4229
arihn@peircelaw.com

Gregory F. Coleman, Esquire
Mark E. Silvey, Esquire
Lisa A. White, Esquire
**Greg Coleman Law, P.C.**
First Tennessee Plaza
800 S. Gay Street
Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0090
Facsimile: (865) 522-0049
greg@gregcoleman.law
mark@gregcolemanlaw.com
lisa@gregcolemanlaw.com

John Yanchunis, Esquire
Marcia Valladares, Esquire
Patrick A. Barthle II, Esquire
Rachel L. Soffin, Esquire
**Morgan & Morgan**
**Complex Litigation Group**
201 North Franklin Street
7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
jyanchunis@forthepeople.com
mvalladares@forthepeople.com
pbarthle@forthepeople.com
rsoffin@forthepeople.com

Janine Pollack, Esquire
Michael Liskow, Esquire
**Wolf Haldenstein Adler Freeman & Herz LLP**
70 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653
pollack@whafh.com
liskow@whafh.com

Theodore B. Bell, Esquire
Carl Malmstrom, Esquire
**Wolf Haldenstein Adler Freeman & Herz LLP**
One South Dearborn St.
Suite 2122
Chicago, IL 60603
Telephone: (312) 984-0000
Facsimile: (312) 212-4401
tbell@whafh.com
malmstrom@whafh.com

Robert K. Shelquist, Esquire
Craig S. Davis, Esquire
Rebecca A. Peterson, Esquire
**Lockridge Grindal Nauen P.L.L.P.**
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
cdavis@locklaw.com
rapeterson@locklaw.com

Eric H. Gibbs, Esquire
Andre M. Mura, Esquire
Caroline Corbitt, Esquire
**Girard Gibbs LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Phone: (415) 981-4800
Facsimile: (415) 981-4846
ehg@girardgibbs.com
amm@girardgibbs.com
ccc@girardgibbs.com

*Attorneys for Plaintiffs*