# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF
# PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL HUBERT, individually and on behalf of all others similarly situated, | : | Civil Action No. 2:15-cv-01391-MRH |
| Plaintiff, | : : : | |
| v. | : : | Oral Argument Requested |
| GENERAL NUTRITION CORPORATION, | : : | This Document Relates All Actions |
| Defendant. | : : | |
| (In re: GNC Picamilon/BMPEA Litigation) | : | |

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO STRIKE DECLARATION OF STEPHEN CHERRY

Plaintiffs, on behalf of themselves and members of the putative class, hereby move this Court to strike certain portions of the Declaration of Stephen Cherry ("Cherry Decl."), attached to Defendant General Nutrition Corporation's ("Defendant's") Motion to Dismiss Plaintiffs' Second Amended Consolidated Class Action Complaint Complaint ("Motion to Dismiss" or "Mot."). Plaintiffs further move the Court to disregard all references or inferences in Defendant's Motion to Dismiss relating to the stricken paragraphs.

## I. INTRODUCTION

In support of its Motion to Dismiss, Defendant submitted the declaration of Stephen Cherry, Vice President of Purchasing and Replenishment for Defendant. *See* ECF No 86-1. Cherry's Declaration is replete with unsubstantiated and baseless facts, documents that cannot be considered by the Court in evaluating the Motion to Dismiss, and averments of self-interest that lack any foundation and are impermissible under well-established law and the Federal Rules of Evidence. These should be stricken because they are beyond the scope of Cherry's personal knowledge, are irrelevant to Plaintiffs' Complaint, and contain inadmissible hearsay. In addition, Defendant submitted certain averments to contradict the well-pleaded facts in

Plaintiffs' Complaint and to support Defendant's defense to Plaintiffs' claims, which is improper in a Motion to Dismiss. Accordingly, the Cherry Declaration should be stricken and all references or inferences contained in Defendant's Motion to Dismiss relating to the challenged portions of the Cherry Declaration should be disregarded.

## II.   ARGUMENT

### A.   The Court Should Strike Paragraph Eight of the Cherry Declaration Because It Is Not Based on Personal Knowledge and Makes Conclusory, Baseless Statements

In Paragraph Eight of his Declaration, Cherry states that the declaration of Dr. Welch of the FDA "was apparently solicited in the context of litigation by the Attorney General for the State of Oregon ("OAG") as leverage to force a quick payout from GNC." Cherry Decl., ¶ 8. This statement has absolutely no factual or evidentiary support, is rank speculation, and should be stricken.[1]

> Rule 701 of the Federal Rules of Evidence provides:
>
>> If the witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

The Third Circuit has found that "lay opinion must be rationally based on the witness's perception and 'firsthand knowledge of the factual predicates that form the basis for the opinion.'" *Hirst v. Inverness Hotel Corp.*, 544 F.3d 221, 225 (3d Cir. 2008) (quoting *Gov't of V.I. v. Knight,* 989 F.2d 619, 629 (3d Cir. 1993)); *Prescott v. R & L Transfer, Inc.*, 111 F. Supp. 3d 650, 658 (W.D. Pa. 2015) (citing, *inter alia, Teen-Ed, Inc. v. Kimball Intern., Inc.*, 620 F. 2d 399, 403 (3d Cir. 1980)) ("Rule 701 permits a lay witness to offer an opinion on the basis of facts that the witness has perceived, provided that the opinion is well founded on personal

---

[1] Relying upon this unfounded statement in Cherry's Declaration, Defendant argues in its Motion to Dismiss that "Dr. Welch's Declaration was not the result of spontaneous agency action, but rather was drafted at the specific request of the OAG to use as leverage to force GNC's capitulation and for use in planned litigation." *See* Mot. at 6. Defendant also argued that "Dr. Welch's declaration had but one purpose when it was written: to assist the OAG in litigation." *Id.* at 7. Like the improper statements in the Cherry Declaration, these statements in Defendant's brief are improper and should be disregarded.

knowledge and subject to cross-examination."). Furthermore, a court may "strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements." *Hollander v. American Cyanamid Co.,* 172 F.3d 192, 198 (2d Cir. 1999).

Here, Cherry has no firsthand or specialized knowledge to support his assertions. As Vice President of Purchasing and Replenishment for Defendant, Cherry would have no reason to know of – or question – the purpose of Dr. Welch's declaration or the declaration's solicitation by the Oregon Attorney General (or even if it was, in fact, "solicited"). Cherry does not say that he was involved in any communications among Dr. Welch, the OAG or the FDA, to the extent any communications even occurred, and he does not give any basis for his conclusion. Cherry's opinion is based on pure speculation and must therefore be stricken. *See Vesom v. Atchison Hosp. Ass'n*, 279 F. App'x 624, 632-34 (10th Cir. 2008) (affirming district court's order striking affidavits that were not based upon personal knowledge, consisted of conclusory statements, and contained inadmissible hearsay regarding declarant's "subjective beliefs as to the intent, thoughts or motivations of others," where the declarant failed to present personally observed statements or conduct as the basis for his opinion). Cherry's statements in Paragraph Eight of his Declaration, "given out of self-interest and without any foundation," are improper and should be stricken. *Hirst*, 544 F.3d at 227.

### B. The Court Should Strike Paragraph Nine of the Cherry Declaration Because It Contains Inadmissible Hearsay

Paragraph Nine of the Cherry Declaration contains inadmissible hearsay to the extent that it references an email purportedly sent to Defendant's counsel in Oregon by David Hart, Oregon Senior Assistant Attorney General. *See* Cherry Decl., ¶ 9, Ex. F. Fed. R. Evid. 801 provides that hearsay is a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. Hearsay is inadmissible unless it falls under certain exceptions that do not apply here.

According to Cherry, the email at issue stated that Defendant "'should be aware of the assistance that FDA is providing in this matter[,]'… that the [Welch] declaration 'will be used in any litigation' and then advised that the OAG's Complaint would seek civil penalties going back to 2007." Cherry Decl., ¶ 9. Cherry attempts to use this email to bolster his baseless opinion that "Dr. Welch's Declaration was not the result of spontaneous agency action, but rather was drafted at the specific request of the OAG to use as leverage to force Defendant's capitulation and for use in planned litigation." *See* Mot. at 6; *see also id.* at 8 ("Dr. Welch's declaration had but one purpose when it was written: to assist the OAG in litigation."). However, Cherry cannot testify to an out-of-court email on which he is not a sender or recipient, let alone offer the email for the purported truth of its contents.[2] *See* Fed. R. Evid. 801; *White v. Brown*, 408 Fed. Appx. 595, 599 (3d Cir. 2010) (email between non-parties deemed inadmissible hearsay). Accordingly, Paragraph Nine should be stricken and the Court should not consider the email in deciding Defendant's Motion to Dismiss.

**C. The Court Should Strike Paragraph Fifteen of Cherry's Declaration Because It Does Not Pertain to Plaintiffs' Complaint**

In Paragraph Fifteen of his Declaration Cherry states that "[i]n order for GNC to stave off the Oregon litigation, it would have had to pay well in excess of $1,000,000. GNC decided not to pay the amount demanded by the OAG." Cherry Decl. ¶ 15. This statement goes hand in hand with Paragraph Eight's averment regarding Cherry's personal opinion that the OAG was attempting to use the Welch Declaration to "force a quick payout from GNC." *Id.* at ¶ 8. This statement has no relevance to Plaintiffs' Complaint and should be stricken. *See Hare v. Potter*, 549 F. Supp. 2d 688, 697 n.8 (E.D. Pa. 2007) (striking affidavit on ground that it was not relevant "'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'") (quoting Fed. R. Evid. 401).

---

[2] Apparently realizing that it would be improper, Defendant did not ask the Court to take judicial notice of this email.

### D. The Court Should Strike Portions of the Cherry Declaration That Seek to Introduce Facts Not Pleaded in the Complaint

Finally, even portions of the Cherry Declaration containing facts which might be admissible at trial cannot be considered on a motion to dismiss, and therefore should be stricken. As discussed in greater detail in Plaintiffs' concurrently filed Opposition to Request for Judicial Notice, only facts pleaded in the Complaint, and documents integral to the Complaint, can be considered to determine whether the Complaint states a cause of action. *See Angelastro v. Prudential Bache Securities,* 764 F.2d 939, 944 (3d Cir. 1985). The Cherry Declaration seeks to introduce purported facts and documents for the Court's consideration that were not pleaded in the Complaint. *See* ¶¶ 4 (facts in *The New York Times* article -- Cherry would not be able to testify to these facts under any circumstance), 6 ("GNC never received a notice of any kind from FDA …"), 7 (facts pertaining to a "Certificate of Free Sale"), 10 ("GNC immediately removed ALL products …"), 11 ("GNC never received a copy of these warning letters from the FDA itself."), 14 ("GNC has not received warning letters …"), and 17 ("GNC has never received Dr. Welch's declaration … from the FDA"). Cherry has not been subject to cross examination regarding these facts, and they cannot be considered at this stage of the proceeding. More generally, these paragraphs also introduce certain documents which are not mentioned in the Complaint, which is inappropriate for all the reasons more fully enumerated in Plaintiffs' Opposition to Request for Judicial Notice.[3]

## III. CONCLUSION

In light of the foregoing, Plaintiffs respectfully request that the Court grant their Motion to Strike Cherry's Declaration, and that the Court disregard all references or inferences in Defendant's Motion to Dismiss relating to the Cherry Declaration.

---

[3] The unobjectionable paragraphs of the Cherry Declaration (¶¶ 2-3, 5, 12-13 and 16) simply repeat allegations in the Complaint. There is no need to rely on the Declaration for these factual propositions.

Dated:  November 14, 2017                    Respectfully submitted,

                */s/ Shanon J. Carson*
                Shanon J. Carson, Esquire (Pa. ID No. 85957)
                Arthur Stock, Esquire (Pa. ID No. 64336)
                **Berger & Montague, P.C.**
                1622 Locust Street
                Philadelphia,  PA  19103
                Telephone: (215)875-4656
                Facsimile:  (215) 875-4604
                scarson@bm. net
                astock@bm.net

                Gary E. Mason, Esquire
                Jennifer S. Goldstein, Esquire
                **Whitfield Bryson & Mason, LLP**
                5101 Wisconsin Ave., NW, Ste 305
                Washington, DC 20036
                Telephone: (202) 429-2290
                Facsimile:  (202) 429-2294
                gmason@wbmllp.com
                jgoldstein@wbmllp.com

                *Co-Lead Counsel*

                D. Aaron Rihn, Esquire
                **Robert Peirce & Associates, P.C.**
                707 Grant Street
                Suite 2500
                Pittsburgh, PA  15219-1918
                Telephone:  (412) 281-7229
                Facsimile:  (412) 281-4229
                arihn@peircelaw.com

Gregory F. Coleman, Esquire
Mark E. Silvey, Esquire
Lisa A. White, Esquire
**Greg Coleman Law, P.C.**
First Tennessee Plaza
800 S. Gay Street
Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0090
Facsimile: (865) 522-0049
greg@gregcoleman.law
mark@gregcolemanlaw.com
lisa@gregcolemanlaw.com

John Yanchunis, Esquire
Marcio Valladares, Esquire
Patrick A. Barthle II, Esquire
Rachel L. Soffin, Esquire
**Morgan & Morgan**
**Complex Litigation Group**
201 North Franklin Street
7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
jyanchunis@forthepeople.com
mvalladares@forthepeople.com
pbarthle@forthepeople.com
rsoffin@forthepeople.com

Janine Pollack, Esquire
Michael Liskow, Esquire
**Wolf Haldenstein Adler Freeman & Herz LLP**
70 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653
pollack@whafh.com
liskow@whafh.com

Theodore B. Bell, Esquire
Carl Malmstrom, Esquire
**Wolf Haldenstein Adler Freeman & Herz LLP**
One South Dearborn St.
Suite 2122
Chicago, IL 60603
Telephone: (312) 984-0000
Facsimile: (312) 212-4401
tbell@whafh.com
malmstrom@whafh.com

Robert K. Shelquist, Esquire
Craig S. Davis, Esquire
Rebecca A. Peterson, Esquire
**Lockridge Grindal Nauen P.L.L.P.**
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
cdavis@locklaw.com
rapeterson@locklaw.com

Eric H. Gibbs, Esquire
Andre M. Mura, Esquire
Caroline Corbitt, Esquire
**Girard Gibbs LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Phone: (415) 981-4800
Facsimile: (415) 981-4846
ehg@girardgibbs.com
amm@girardgibbs.com
ccc@girardgibbs.com

*Attorneys for Plaintiffs*

796162