# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL HUBERT, individually and on behalf of all others similarly situated, | Civil Action No. 2:15-cv-01391-MRH |
| Plaintiff, | |
| | Oral Argument Requested |
| v. | |
| | This Document Relates to: |
| GENERAL NUTRITION CORPORATION, | All Actions |
| Defendant. | |
| (In re: GNC Picamilon/BMPEA Litigation) | |

**DEFENDANT GENERAL NUTRITION CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DECLARATION OF STEPHEN CHERRY**

## I. INTRODUCTION

Defendant General Nutrition Corporation ("GNC"), by and through its attorneys, hereby submits its Opposition to Plaintiffs' Motion to Strike the Declaration of Stephen Cherry ("Cherry Declaration).

GNC filed the Cherry Declaration in support of its Motion to Dismiss Plaintiffs' Second Amended Consolidated Complaint ("SAC"). In support of opposing GNC's motion, Plaintiffs have filed a motion to strike certain portions of paragraph 8, 9, and 15 of the Cherry declaration, as well as reference to certain facts and documents that GNC has requested judicial notice of. As is set forth herein, Plaintiffs' motion to strike is unsupported and unfounded and should be denied in its entirety.

1

## II. THE OBJECTED TO PORTIONS OF MR. CHERRY'S DECLARATION SHOULD NOT BE STRICKEN

### A. Paragraph 8 Should Not Be Stricken.

Plaintiffs object to Paragraph 8 of the Cherry Declaration taking specific issue with the portion where Mr. Cherry states that the Welch Declaration "was apparently solicited in the context of litigation by the Attorney General for the State of Oregon ("OAG") as leverage to force a quick payout from GNC." Plaintiffs base their objections on speculation and, that because Cherry is a lay witness, his opinions are limited to that which is (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge.

First, it must be noted that while Plaintiffs are requesting that the entirety of Paragraph 8 be stricken, there is no basis for striking the Declaration of Dr. Welch and, in fact, Plaintiffs do not ask for that relief. Rather, Plaintiffs take issue with one select statement in Paragraph 8. Regarding that statement, it is obvious that it is based on Mr. Cherry's personal knowledge as it clearly is based on his perceptions. Furthermore, it is clear that it is offered to provide the factual backdrop against which Dr. Welch's declaration is presented. Based on the foregoing, there is no basis for striking any portion of Paragraph 8 of Mr. Cherry's declaration.

### B. Paragraph 9 Should Not Be Stricken.

Plaintiffs object to Paragraph 9 of the Cherry Declaration which includes the email chain consisting of correspondence from the Oregon Attorney General to counsel for GNC in the Oregon litigation. Plaintiffs argue that this email chain constitutes inadmissible hearsay. This email chain can (and should) be considered to the extent it is not being offered to prove the truth of the matters asserted in the email, but rather to demonstrate Mr. Cherry's state of mind regarding GNC's position,

namely that the OAG sought to leverage a settlement by filing its lawsuit.  *See* Fed. R. Evid. § 803 (1), (3).

### C. Paragraph 15 Should Not Be Stricken.

Plaintiffs object to the following portion of Paragraph 15 of Mr. Cherry's Declaration: "[i]n order for GNC to stave off the Oregon litigation, it would have had to pay well in excess of $1,000,000.  GNC decided not to pay the amount demanded by the OAG. . ."  Plaintiffs object on the basis of speculation arguing that Mr. Cherry has no basis for the opinion.  Again, Plaintiffs' argument is undermined by the exact language used by Mr. Cherry.  Clearly Mr. Cherry has personal knowledge as he is telling the Court that the amount was demanded by the OAG and that GNC did not pay it.  The relevance to this action is clear as Dr. Welch's declaration is being used herein and it is clear that declaration was created in the context of litigation and was used as a tool to leverage a settlement that GNC refused to pay.

### D. The Court Should Not Strike Documents or Facts Not Plead in the Complaint.

Finally, Plaintiffs object to portions of the declaration asserting certain facts and attaching documents in which GNC seeks judicial notice.  However, as explained in detail in GNC's Request for Judicial Notice and Reply in support of its Request for Judicial, these documents are properly considered in ruling on GNC's motion to dismiss.  These documents are properly before the Court and are documents/facts referenced and at issue in the SAC, as explained in GNC's request for judicial notice and addressed therein.

### III. **CONCLUSION**

Based on the above, GNC respectfully requests that this Court deny Plaintiffs' Motion to Strike the Cherry Declaration and consider the declaration in its entirety in ruling on Plaintiffs' Motion to Dismiss the SAC.

Dated: December 1, 2017             */s/ Amy B. Alderfer*

                                             Paul K. Leary, Jr.
I.D. No. 85402 (*Admitted Pro Hac Vice*)
Mark E. Utke
I.D. No. 70750
Cozen O'Connor
1650 Market Street Suite 2800
Philadelphia , PA  19103
(215) 665-6911
Email: Pleary@cozen.com

Amy B. Alderfer
Cal. I.D. No. 205482 (*Admitted Pro Hac Vice*)
Brett Taylor
Cal. I.D. No. 274400 (*Admitted Pro Hac Vice*)
Cozen O'Connor
601 S. Figueroa Street
Suite 3700
Los Angeles, CA 90017

*Attorneys for Defendant*
*General Nutrition Corporation*