IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL HUBERT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL NUTRITION CORPORATION,<br><br>Defendant.<br><br>(In re: GNC Picamilon/BMPEA Litigation) | Civil Action No. 2:15-cv-01391-MRH<br><br><br><br>This Document Relates to:<br>All Actions |

## DEFENDANT GENERAL NUTRITION CORPORATION'S STATEMENT REGARDING ORDER TO SHOW CAUSE

Defendant General Nutrition Corporation ("GNC"), by and through its attorneys Paul K. Leary, Jr., Esquire, Amy B. Alderfer, Esquire, and Brett N. Taylor, Esquire, and the law firm Cozen O'Connor, files this statement in response to the Court's order to show cause as to why this civil action (and those consolidated into it for pretrial purposes) should not be stayed without prejudice, pending disposition by the U.S. Court of Appeals for the Third Circuit in *Estrada, et al v. Johnson & Johnson, et al*, No. 17-2980 ("*Estrada*").

### A. Background and Procedural History.

On February 29, 2016, Plaintiffs filed the Consolidated Class Action Complaint in this matter. On April 27, 2016, Plaintiffs filed an Amended Complaint ("Amended Complaint") that was nearly identical to the Original Consolidated Complaint. GNC moved to dismiss the Amended Complaint on May 26, 2016. This Court heard oral argument on September 8, 2016 and on September 8, 2017, the Court issued its decision dismissing Plaintiffs' Amended Complaint without prejudice.

In its Opinion, the Court cited to and relied on numerous cases, including *Estrada v.*

*Johnson & Johnson*, Civil Action No. 16-7492, 2017 WL 2999026 (D.N.J. July 14, 2017). In *Estrada*, the District Court held that plaintiff did not suffer an injury-in-fact and therefore lacked standing. Specifically, the District Court rejected Estrada's benefit of the bargain theory and rejected her claim of injury-in-fact under and alternative product theory of economic harm. The *Estrada* court also rejected Plaintiff Estrada's premium price theory of economic harm finding that it did not sufficiently establish that she had suffered an injury-in-fact. This Court, in dismissing Hubert's Amended Complaint, relied on *Estrada* and other authority finding that Plaintiffs failed to sufficiently allege that they had suffered an economic injury to satisfy the injury-in-fact element of standing.

On October 6, 2017, Plaintiffs filed their Second Amended Consolidated Class Action Complaint ("Second Amended Complaint"). On October 20, 2017, GNC moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted ("Motion to Dismiss"). The Motion to Dismiss is fully briefed and presently pending before the Court.

### B. This Action Should Be Stayed Pending a Decision in *Estrada*.

GNC's Motion to Dismiss is based, in part, on virtually identical arguments as those set forth in *Estrada* and as relied on in this Court's Opinion dismissing the Amended Complaint namely, (1) benefit of the bargain; (2) alternative product; and (3) premium price. As such, the Court's standing analysis with regard to GNC's Motion to Dismiss will be affected by the Third Circuit's decision in *Estrada*. Therefore, GNC respectfully requests that this Court stay this action pending a decision from the Third Circuit.

*Estrada* involves a proposed nationwide class action in which Plaintiff Mona Estrada alleges that defendants Johnson & Johnson and Johnson & Johnson Consumer Companies

("Johnson & Johnson") sold talc-based baby powder that was unsafe for ordinary use because it causes an increased risk of ovarian cancer. Plaintiff Estrada alleges that Johnson & Johnson and failed to warn consumers of the safety risks. (*Estrada,* Summary of Case, Doc. No. 1.) Like Hubert, Estrada alleged causes of action for violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code 17200, et seq. and California's Consumers Legal Remedies Act, Cal. Civ. Code 1750, et seq., negligent misrepresentation, and breach of implied warranty. (*Id.*) Estrada sought restitution and damages related to the purchase of the baby powder, as well as injunctive and declaratory relief. (*Id.*) The overriding theory being that Plaintiffs were claiming economic harm in connection with the purchase of a product.

The same parallel exists between *Estrada* and this case as to the benefit of the bargain argument. In *Estrada*, the court considered plaintiff's allegations that she suffered an economic injury-in-fact because she did not receive the benefit of the bargain when she purchased Johnson & Johnson baby power. Specifically, Plaintiff Estrada claimed that she bought the baby powder believing it was safe and, if she had known that using it in the genital area led to an increased risk of developing ovarian cancer, she would not have purchased the product. The District Court held that Plaintiff Estrada could not establish economic injury based on her allegation that she did not receive the benefit of her bargain (i.e., it kept her skin dry) based upon Johnson & Johnson's alleged omissions. The District Court found that absent an allegation of adverse health consequences from using the product or that the product failed to perform satisfactorily for its intended use, Plaintiff Estrada could not claim that she was denied the benefit of her bargain.

Here, Plaintiffs' benefit of the bargain claims are very similar to those in *Estrada*. Plaintiffs claim that they would not have purchased the supplements but for GNC's alleged

mislabeling of the products. However, just as in *Estrada*, Plaintiffs have failed to allege that the supplements did not work as intended. What is more, Plaintiffs here (and this is different than *Estrada*) fail to allege that they suffered any adverse health consequences by using the supplements.

Under the theory of economic harm, Plaintiff *Estrada* argued that she would have purchased an alternative product, she did not allege that the alternative was cheaper. Here, *Hubert*, just like Plaintiff Estrada, has failed to demonstrate that there were other comparable and cheaper products on the market.

Finally, both *Estrada* and this case share issues regarding the ingredients in the products and the product labels relating to premium price. In both cases plaintiffs argue that as a result of omissions or misrepresentations by defendants, plaintiffs overpaid for the products. The *Estrada* Court rejected this as a threadbare allegation insufficient to establish an injury-in-fact. GNC has argued the same here.

On appeal, Plaintiff Estrada argues that the district court erred in finding the plaintiff's purchase of the baby powder did not amount to an injury in fact. (Page 12 of *Estrada* Appellant's Opening Brief, Doc. No. 003112818055.) Specifically, *Estrada* argues that: (1) it was error for the district court to hold that Estrada could not allege economic harm because Johnson & Johnson had no affirmative legal duty with regard to the alleged omission; (2) Estrada sufficiently alleged she relied on Johnson & Johnson's misrepresentations on the product label; (3) the fact that Estrada received Baby Powder that kept her skin dry does not change the economic injury she suffered by purchasing Baby Powder she would not have purchased had she known it was unsafe; (4) that the district court's reliance on the unpublished decision in *Koronthaly v. L'Oreal USA, Inc.*, 374 F. App'x 257, 259 (3d Cir. 2010) is misplaced; (5) that

Estrada's monetary loss is concrete and particularized; (6) and that the amount Estrada and other members of the class may receive in damages or restitution is a different question than whether Estrada has standing.

Plaintiff Estrada's challenges to the District Court's decision, and her arguments on appeal, overlap substantially with the issues presented in this case, as detailed in GNC's Motion to Dismiss. Such overlap warrants a stay. Note, however, that GNC does not concede that if the Third Circuit reverses the district court's dismissal in *Estrada* that such a ruling necessarily has a dispositive impact on GNC's Motion to Dismiss. GNC merely asserts that the Third Circuit's reasoning in that decision could potentially have an impact on the injury-in-fact analysis that the district court in this case must undergo with regard to GNC's Motion to Dismiss. And, therefore, GNC agrees that the subject action should be stayed pending the Third Circuit's decision in *Estrada*. If the Court stays this action, GNC also requests that it have a chance to submit a subsequent brief in support of its Motion to Dismiss to address the Third Circuit's decision once one is made.

Dated: February 7, 2018

/s/ Brett Taylor
Paul K. Leary, Jr.
I.D. No. 85402 (*Admitted Pro Hac Vice*)
Cozen O'Connor
1650 Market Street Suite 2800
Philadelphia, PA 19103
(215) 665-6911
Email: Pleary@cozen.com

Amy B. Alderfer
Cal. I.D. No. 205482 (*Admitted Pro Hac Vice*)
Brett Taylor
Cal. I.D. No. 274400 (*Admitted Pro Hac Vice*)
Cozen O'Connor
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017

Mark E. Utke
I.D. No. 70750
Cozen O'Connor
1650 Market Street Suite 2800
Philadelphia, PA 19103
(215) 665-2164
Email: Mutke@cozen.com

***Attorneys for Defendant***
***General Nutrition Corporation***