IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL HUBERT, individually and on )
behalf of all others similarly situated, )
) 2:15-cv-1391
Plaintiff, )
) Judge Mark R. Hornak
v. )
)
GENERAL NUTRITION CORPORATION, )
)
Defendant. )

# MEMORANDUM ORDER

On January 25, 2018, the Court entered an Order to Show Cause why this civil action (and those consolidated into it for pretrial purposes) should not be stayed pending a disposition by the United States Court of Appeals for the Third Circuit of <u>Estrada v. Johnson & Johnson</u>, No. 17-2980. (ECF No. 102). On February 7, 2018, the parties each filed a Response to the Court's Order. (ECF Nos. 103 and 104). For reasons explained below, this action will be stayed pending the Third Circuit's disposition of <u>Estrada</u>, on the terms set forth in this Memorandum Order.

## I. LEGAL STANDARD

District courts have broad power to stay proceedings. <u>Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.</u>, 544 F.2d 1207, 1215 (3d Cir. 1976); <u>Nicholas v. Wyndham Int'l, Inc.</u>, 149 F. App'x. 79, 81 (3d Cir. 2005) ("[T]he power to temporarily stay proceedings lies within the informed, sound discretion of the district courts."). A court's power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. North Am. Co.</u>, 299 U.S. 248, 254 (1936). A district court's power to stay proceedings may be invoked by

1

the court sua sponte. See Maurer v. Int'l Union United Auto., Aerospace & Agric. Implement Workers of Am., 487 F. Supp. 731, 740 (M.D. Pa. 1979) (stating that "it is both proper and desirable for the court to stay these proceedings sua sponte"); In re Pittsburgh Corning Corp., Civil Action Nos. 11-1406, 11-1439, 11-1452, 2012 WL 2368388, at *3 (W.D. Pa. June 21, 2012) (noting that stays may be issued *sua sponte*).

Accordingly, in the exercise of its sound discretion, "a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." Bechtel, 544 F.2d at 1215. "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55. In deciding whether to stay a case, a court must weigh the following factors: (1) the opportunity to simplify issues and promote judicial economy; (2) the balance of harm to the parties; and (3) the length of the stay. Smith v. Life Investors Ins. Co. of Am., No. 2:07-cv-681, 2008 WL 2222325, at *1 (W.D. Pa. May 29, 2008).

## II.  ANALYSIS

GNC agrees that the action should be stayed because the Third Circuit's reasoning in Estrada "could potentially have an impact on the injury-in-fact analysis that [this Court] must undergo with regard to [its] Motion to Dismiss." (ECF No. 104 at 5). Plaintiffs oppose a stay for two reasons: (1) it is unclear whether a ruling in Estrada will affect the outcome of this case; and (2) a stay will be prejudicial to them because this action still is at a preliminary stage, a decision in Estrada may not be issued until sometime in 2019 at the earliest, and such a lengthy delay may hamper Plaintiffs' ability to prove their case. (ECF No. 103 at 1-2). After considering the parties' respective positions, and balancing the relevant factors, the Court finds that those factors weigh in favor of staying this action pending the Third Circuit's disposition of Estrada.

2

## A. Simplification of Issues / Judicial Economy

Plaintiffs argue that a stay is not warranted because it is unclear whether a ruling in Estrada will affect the outcome of this case. (ECF No. 103 at 1). At issue in both Estrada and Hubert is whether the plaintiffs suffered an injury-in-fact for purposes of Article III standing.[1] However, Plaintiffs attempt to distinguish Estrada because it concerns standing for economic damages where the manufacturer did not disclose health risks associated with baby powder, but the plaintiff did not suffer any physical injury. Id. Plaintiffs say that, by contrast, Hubert concerns the marketing of illegal products. Id. at 2. Plaintiffs allege both misrepresentations and non-disclosure of the legality of certain products and claim that they paid for lawful dietary supplements, but received unlawful products. Id. Plaintiffs' attempt to distinguish Estrada is not persuasive.

In Estrada, the plaintiff purchased baby powder in reliance on the product's label, which did not warn about the safety risks associated with genital use of it. Estrada v. Johnson & Johnson, No. 17-2980, 2018 WL 334236, at *1 (3d Cir. Jan. 5, 2018). Although the plaintiff was not injured, she claimed that had she known baby powder was unsafe to use, she would not have purchased it.[2] Id. In Hubert, Plaintiffs allege that they reviewed and relied on the products' labeling in making their purchases, and they reasonably believed that the products were dietary supplements with legal dietary ingredients. See ECF No. 84, ¶ 23. Plaintiffs further allege that if they had known the products contained ingredients that were not intended to supplement the diet and could not be

---

[1] The plaintiff bears the burden of establishing the requirements of Article III standing: (1) an injury-in-fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision. Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1547 (2016) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). Only injury-in-fact is at issue in Hubert.

[2] The plaintiff in Estrada alleged state law claims for violations of California's Unfair Competition Law and Consumers Legal Remedies Act, as well as for negligent misrepresentation and breach of implied warranty. Estrada, 2018 WL 334236, at *1. Plaintiffs here allege claims under both of those California statutes, as well as the consumer protection laws of numerous other states, and violation of the Magnuson-Moss Warranty Act, breach of implied warranty, negligent misrepresentation and unjust enrichment. See ECF No. 84 at 36-71.

3

lawfully marketed or sold as such, they would not have purchased them or they would not have paid as much for them as they did. Id. ¶ 24. Although Plaintiffs try to distinguish this case by focusing on the products' legality, their allegations are very similar to those of the plaintiff in Estrada. In both cases, the plaintiffs argue that they relied on the product labeling in making their purchases, but they would not have purchased the particular product had they known additional, undisclosed information about it related to product safety.

This Court's opinion and order dismissing Plaintiffs' First Amended Complaint in Hubert was issued on September 8, 2017. (ECF Nos. 82 and 83). Estrada was appealed on September 12, 2017. Then, on October 18, 2017, the Third Circuit issued a decision in Cottrell v. Alcon Labs., 874 F.3d 154 (3d Cir. 2017), which addressed Article III standing, specifically focusing on analysis of injury-in-fact.

In Cottrell, the Third Circuit summarized what a plaintiff must claim to sufficiently allege injury-in-fact: "that he or she suffered 'an invasion of **a legally protected interest**' that is '**concrete and particularized**' and '**actual or imminent**, not conjectural or hypothetical.'" 874 F.3d at 162-63 (quoting Spokeo, 136 S.Ct. at 1548) (emphasis added). Although the district court did not apply these individual components to the plaintiffs' allegations, the Third Circuit explained the necessity of addressing each component to determine if the plaintiffs had sufficiently alleged an injury-in-fact. Cottrell, 874 F.3d at 163. The Third Circuit concluded that the plaintiffs had a legally protected interest arising from state consumer protection statutes that provide monetary relief to individuals who are damaged by business practices that violate those statutes. Id. at 165. The concrete requirement was satisfied because the plaintiffs alleged that those violations caused each of them tangible, economic harm. Id. at 167. The harm was particularized because each plaintiff alleged financial harm that he or she personally incurred in purchasing eye drop

4

medication that was impossible for him or her to use. Id. And, the plaintiffs' alleged injuries were actual and imminent because their claimed financial harm already occurred and was not a mere possibility. Id. at 168. The Third Circuit therefore held that the plaintiffs alleged an injury-in-fact sufficient to confer Article III standing to challenge the defendant's allegedly unfair business practices under various state consumer protection laws. Id. at 169-70.

Cottrell provides guidance on analyzing the individual components of injury-in-fact, which was not previously available when the district court decided Estrada or when this Court ruled on GNC's motion to dismiss Plaintiffs' First Amended Complaint. In Estrada, the issue presented for appellate review is "[w]hether the district court erred in finding Plaintiff Mona Estrada did not allege injury-in-fact under Article III where Estrada alleged she purchased a falsely advertised product in reliance on the advertising and product labeling." Estrada, 2018 WL 334236, at *2. The advantage of waiting for a decision in Estrada is to see how the Third Circuit applies Cottrell in determining whether the plaintiff sufficiently alleged an injury-in-fact. The Third Circuit's decision in Estrada likely will provide meaningful, additional guidance concerning analysis of the individual components of injury-in-fact, which in turn will give this Court a more definite roadmap to apply controlling law in the pending case. For this reason, a stay will simplify issues and promote judicial economy.

### B. Harm to Either Party

GNC will not suffer any harm if this action is stayed because it agrees that a stay is appropriate. On the other hand, Plaintiffs broadly claim that a stay will prejudice them because the case has been pending "for quite some time" and "[f]urther delays will undoubtedly hamper [their] ability to prove their case." (ECF No. 103 at 2). Plaintiffs generally point out that memories fade over time and records can be lost or destroyed, but they do not cite any specific concerns or

5

otherwise explain how they would be hampered in proving their case. Id. at 2-3. Absent such explanation, the general hardship Plaintiffs claim does not weigh against a stay. On balance, "a stay carries little risk that either party's interest will be seriously harmed pending the Third Circuit's decision" in Estrada. Nicolas v. Trustees of Princeton Univ., Civ. No. 17-3695, 2017 WL 6514662, at *3 (D.N.J. Dec. 20, 2017) (citation omitted).

## C. **Length of the Stay**

Plaintiffs contend that a stay will be prejudicial to them because it may be quite lengthy. (ECF No. 103 at 2). While it is true that Estrada may not be decided for quite some time, that fact does not outweigh the propriety of issuing a stay in this case.

A stay must be of moderate length, not indefinite duration. See Cheyney State Coll. Faculty v. Hufstedler, 703 F.2d 732, 738 (3d Cir. 1983) ("We emphasize that Landis approved stays of moderate length, and not those of indefinite duration . . . ."). However, courts have found that a rather lengthy stay was warranted pending a decision by an appellate court which would resolve dispositive issues and where the other factors weighed in favor of a stay. In Nicolas, the district court stayed the proceedings pending a decision by the Third Circuit despite the fact that it "would be for an uncertain and significant period of time, lasting potentially a year or more."[3] Nicolas, 2017 WL 6514662, at *4. The court determined that "any anticipated delay is not excessive considering the likelihood that the Third Circuit's decision will resolve the dispositive . . . issues presently in dispute." Id. (internal quotation marks and citation omitted). See also In re Effexor XR Antitrust Litig., Lead Case No. 11-5479, 2012 WL 12918362, at *2 (D.N.J. Oct. 23, 2012)

---

[3] When the district court issued its decision staying the Nicolas case on December 20, 2017, it was encouraged that a briefing schedule had been set in the Third Circuit and was scheduled to be completed by January 19, 2018. Nicolas, 2017 WL 6514662, at *4. For our purposes, briefing in Estrada currently is set to conclude by April 2, 2018.

6

(granting stay pending the Supreme Court's decision whether to grant certiorari with respect to a Third Circuit decision relevant to disposition of a case pending before the district court where the plaintiffs failed to identify any alleged prejudice that would outweigh the interests of judicial economy); Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC, Civ. No. 11-0011, 2011 WL 4056318, at * 2 (D.N.J. Sept. 12, 2011) (granting stay pending a decision by the Supreme Court likely to be followed by rehearing en banc before the Third Circuit and finding that such a substantial period of time was not excessive considering the likelihood that an appellate decision would resolve disputed issues); Vasvari v. Rite Aid Corp., No. 09-cv-2069, 2010 WL 3328210, at *2 (M.D. Pa. Aug. 23, 2010) (finding stay warranted where the movant would have to engage "in discovery with a putative, statewide class action [which would] require expenditure of a great amount of resources that [might] be futile depending upon the guidance provided by the Third Circuit").

Although we cannot predict when the Third Circuit will render a decision in Estrada, the delay that may ensue is not necessarily excessive considering that a decision will provide guidance concerning the application of Cottrell's injury-in-fact analysis in a case which is similar to Hubert. However, to alleviate any concern about the potential length of the stay, we will revisit the appropriateness of the stay at the request of any party after briefing is complete in Estrada and the issues before the Third Circuit, and the arguments advanced there, have crystallized. In addition, either party may move the Court to lift the stay upon a showing of good cause, and the Court may, *sua sponte*, lift the stay if it determines that good cause exists to do so.

7

## III. CONCLUSION

The Court concludes that the relevant factors discussed herein weigh in favor of staying this action pending the Third Circuit's disposition of Estrada, or such earlier juncture as noted above.

THEREFORE, this 14th day of February, 2018, for the reasons stated above, IT IS ORDERED that this civil action (and those consolidated into it for pretrial purposes) is STAYED pending a disposition by the United States Court of Appeals for the Third Circuit of Estrada v. Johnson & Johnson, No. 17-2980, or such earlier date as this stay is modified or terminated by Order of this Court.

IT FURTHER IS ORDERED that each party shall file a position statement concerning the continued status of the stay within 14 days after briefing at the Court of Appeals is complete in Estrada. Further, any party may move to lift the stay upon a showing of good cause, and the Court may, *sua sponte*, lift the stay at any time if it determines that good cause exists to do so.

Mark R. Hornak
United States District Judge

cc: All counsel of record